Sneed, J.,
delivered tlie opinion of the court:
The plaintiff was the sister-in-law and ward of the defendant’s testator in his lifetime, and brought this action to recover the value of certain household services rendered by her in the family of defendant’s testator, between the months of June, '1862, and June, 18Y0. The verdict and judgment below were for the plaintiff. The defendant appeals in error.
The plaintiff was introduced as a witness in her own behalf, and was objected to- as a witness, on the ground that the suit was against the estate of a decedent, and she was a party, and under the statute, was an incompetent witness. The circuit judge overruled the objection, stating that he would exclude any testimony of her’s coming within the prohibition of the statute. The witness then testified, sub *163 stantially, that she went to live with Judge Thomas James, defendant’s intestate, about the 20th of June, 1862; that Judge James had just before that time married her sister; she continued to reside with him until the death of her sister, about the first of June, 1810; that Judge James invited her to come and live with him, saying that his house would be a home for her; that it would cost her nothing, and that she would have to pay board elsewhere. Judge James was her guardian. She did not expect to pay board, and Judge J ames told her she should not have to pay board, lie afterwards charged her board for the entire time, with the exception of about five months, during which time she was absent. He charged her part of the time $15 per month, and part of the time $20 per month. This charge was made in a suit for the settlement of his guardianship accounts, and the amount obtained out of her patrimony. About the time she went to live with Judge James, his servants left him, and it was quite difficult to obtain others. When he had none, or an insufficient number, she performed the duties of a servant in everything pertaining to household affairs; that during m,ost of the time she lived with Judge James, his wife was in ill health, and the. witness exercised a general supervision over the domestic affairs of the family, and the sewing, and attending to__the children. That her services during the entire time were worth $25 per month. Sometimes he could not have gotten servants at any price. She did not think anything about charging Judge James for her services at the time; she did not know that she would have brought tbis suit, if she had not been informed by her counsel that Judge J ames had been charging her board all the while she was in his house, and that he had paid himself out of her patrimony, which came into his hands as her 'guardian. She did not know this until after the death of Judge James, and did not know what her legal rights were until advised by her counsel, who told her she ought to- bring this suit.
She would have rendered the services here sued for to *164 her sister through affection for her, whether she had gotten any pay or not. After the death of Judge James’ wife, and during his last illness, she returned to his home, and waited on him for several weeks before his death; and after his death, she took his youngest child, then two years old, and kept it until its own death, which occurred some months afterwards.
The defendant’s exception to this testimony was entered of record, as follows: “To all which testimony defendant excepted' as being evidence concerning conversations and transactions between witness and deceased.” The court overruled the exception, and made no order excluding any part of it, but suffered the whole to go to the jury.
It is insisted that the court erred in overruling the exception. The statute upon which the exception is predicated, is in the words following: “In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify for or against the other, as to' any transaction with, or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court.” Code, sec. 3813d.
It is clear that a portion of the testimony above quoted was of statements by, and transactions, with the intestate, that had a material influence in bringing about the verdict. It is clear, also, that the witness was not required to testify thereto by the court. And how this requirement should be made, in any case, is not a settled matter of practice under the statute. It is said on behalf of the plaintiff, that “it would seem absurd to hold it is error in the court to permit what it has a right to compel.”
"W e do not understand the statute as contemplating that the court, whose simple province it is to poise the scales of justice between the parties, should become a partisan in the case, and require testimony to be adduced for or *165 against either pprty, without some formal demand for it by the party.
"We see no objection to the practice, which we observe is growing up in the circuit courts, for the party wishing such testimony to make application for it, supported by affidavit as to its materiality in the cause.
It is said in this case that the exception does not point out the particular portion of the testimony objected to, and that it is too general to require any notice.
In support of this view, the case of Mount Olivet Cemetery v. Shubert, 2 Head, 117, is cited. In that case it was held that if a deposition contain matter that is relevant and competent and that which is incompetent, an objection, to be available, must be specifically made to such parts as are incompetent. A general .objection to the reading of the deposition will not do.
The defendant’s exception to the testimony in this case, is, as we have seen, in these words: “To all which testimony defendant excepted as being* evidence concerning conversations and transactions between witness and the deceased.” This is not a general exception in the sense of the decision referred to. The statement of the specific grounds of exception takes it out- of that category. The court, under such an exception, should have excluded all that portion of it obnoxious to the specific exception taken by defendant. There are others more relied upon, but this must reverse the judgment, and upon the other questions we express no opinion.
Reverse the judgment and award a new trial.